Charles Zubik v. Commissioner.
Zubik v. Commissioner
Docket No. 19429.
United States Tax Court
1949 Tax Ct. Memo LEXIS 68; 8 T.C.M. (CCH) 873; T.C.M. (RIA) 49235; September 29, 1949
*68 Morris M. Berger, Esq., Law & Finance Bldg., Pittsburgh, Pa., for the petitioner. Edwin P. Friedberg, Esq., and J. Harrison Miller, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax and additions to the tax for negligence as follows: Year
Deficiency
Penalty
1938
$1,047.05
$ 52.35
1939
837.32
41.87
1940
4,223.63
211.18 The issues for decision are: For 1938 - (a) Whether the petitioner, as a joint venturer, had income of $2,984.41 which he failed to report; (b) Whether an amount of $1,500 was income or merely a redeposit; (c) Whether a barge sold to Crouch had a cost basis of $400. For 1939 - (a) Whether the Cruiser Hull Voyager sold for $600 had cost $1,200 in 1937. For 1940 - (a) Whether the petitioner is entitled to deduct, as travelling expense, $1,750 more than the Commissioner has allowed; (b) Did the petitioner realize any gain from the sale of a crane to Atlas Coal Company; and for each year whether the addition to the tax for negligence was proper. The respondent concedes that the petitioner is entitled to use a cost basis of *69 $3,000 against $4,150 realized in computing the profit for 1938 from the sale of two steel barges and that he had a loss of $4,666.67 in 1940 from the sale of the vessel "Keystone". The parties filed a stipulation settling depreciation issues. Other errors were assigned but were not pressed by the petitioner or supported by evidence and are regarded as abandoned. Findings of Fact The petitioner filed his individual income tax returns for the taxable years with the collector of internal revenue for the twenty-third district of Pennsylvania. He owned and operated a river towing and dredging business at Pittsburgh during those years. He can not read or write except that he can sign his name. The petitioner was engaged during 1938 in a joint venture with Liberty Industrial Salvage Company in the dismantling of a bridge at Homestead, Pa. He reported on his 1938 return $8,932.19 as his share of the income of the joint venture whereas his share of the income of the joint venture for 1938 was $11,916.60. The petitioner reported $28,028.85 for 1938 as receipts from his towing and river business. This included $4,409.66 received from the joint venture for towing. The $4,409.66 was deducted *70 as an expense by the joint venture in computing its net income for 1938. The evidence does not show that the $11,916.60 received by the petitioner as his share of the income of the joint venture for 1938 included more than his share of the net income after deducting the $4,409.66 as an expense of the joint venture or that there is any duplication of income in the two amounts. The petitioner purchased three barges, two wood and one steel, in December 1937 for $700. He properly allocated $400 of the cost to the steel barge purchased because it represented four-sevenths of the total value of the three barges. He sold the steel barge to Crouch in the latter part of 1938 for $500. The petitioner purchased a vessel called Voyager on May 4, 1937 for $1,200. He sold the vessel in 1939 for $600. The petitioner purchased a crane for $4,000 on July 31, 1939. He sold it in 1940 for $8,515 receiving $2,215 in cash and $6,300 in notes of the purchaser. The notes became due in 1940 but none was paid when due or later. The petitioner reported a profit of $8,515 on this sale for 1940. The record does not show that thepetitioner had travel expenses for 1940 in excess of the amounts allowed by *71 the Commissioner as travel expense in determining the deficiency for that year. The Commissioner, in determining the deficiencies, added the following items, among others, to income: 1938 - $2,984.41, income from joint venture with Liberty Industrial Salvage Company in addition to $8,932.19 reported; $1,675.00, omitted from return; $6,950.00, profit on sale of equipment. 1940 - $1,750, disallowance of part of a deduction of $3,100 claimed as travel expense; $1,459.18, additional profit on sale of equipment. The other items going to make up the deficiencies but not contested herein include business expenses disallowed for each year and parts and repair expenses disallowed for 1940, all in substantial amounts. The petitioner also claimed $3,122 as a business expense deduction for travel and entertainment for 1940. The evidence fails to show that a part of the deficiency for each year was not due to negligence. The stipulations of the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: No books of account of the petitioner were offered in evidence. The petitioner, who can not read or write, and two persons who had had something to do with his records *72 after the taxable years, were the only witnesses for the petitioner. The result is that the record is incomplete on some points, inadequate on others, and at places not at all clear or convincing. The Court has endeavored to reach a fair result on all points in the light of the record as made. The petitioner admits that he received $11,916.60 as his share of the 1938 income of the joint venture. He reported only $8,932.19 as income from the joint venture and the Commissioner added the difference of $2,984.41. The petitioner points out that he also reported $4,409.66 which the joint venture paid him as an individual for towing and claims that the $11,916.60 includes the $4,409.66. The record does not show how the $11,916.60 was computed, but the $4,409.66 was deducted by the joint venture in computing its net income and the record as a whole does not support the petitioner's contention on this point. The Commissioner added $1,675 to income for 1938 and the petitioner claims that $1,500 of it represents merely a redeposit of funds in a bank. It is not clear in the record that the determination of the Commissioner is connected with the bank transactions to which the petitioner refers. *73 Perhaps more critical is the failure of the evidence to show that there was any redeposit of funds which would indicate error if the Commissioner determined that some deposit represented income. A finding has been made that the barge sold to Crouch had a cost basis of $400. Apparently the Commissioner did not allow any basis in computing the gain. The petitioner agrees that this change will require some adjustment in the stipulated depreciation. A similar finding disposes of the issue in regard to the sale of the Voyager and if this affects the depreciation stipulated a proper adjustment may be made. The petitioner also offered proof in regard to the sale of a wooden hull in 1939 but there is no issue raised in the pleadings in regard to such a sale. The petitioner claims that the cash received in 1940 for the sale of the crane reduces the basis for the future and that the notes should be disregarded. However, the evidence does not support this contention. It does not appear that the crane was repossessed in 1940 or that collection on the notes was improbable in that year. The reported profit should be reduced by the cost of $4,000 less depreciation. The petitioner claimed a *74 deduction on his 1940 return of $3,100 for travel expense and another of $3,122 for travel and entertainment. The Commissioner disallowed $1,750 of the $3,100 deduction. The evidence does not show that the petitioner is entitled to a larger deduction for travel expense. The petitioner failed to challenge or explain a number of substantial amounts added or restored to income by the Commissioner in determining the deficiencies. This situation and the record in regard to some of the challenged items makes improper a finding that no part of the deficiency for each year is due to negligence. Consequently, the Commissioner's determinations on this issue must stand. Decision will be entered under Rule 50.